UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| IMMACULATA N. ANYANWU | CIVIL ACTION |
| VERSUS | |
| STATE OF LOUISIANA | NO.: 18-00778-BAJ-EWD |

## RULING AND ORDER

Before the Court is the **Motion to Dismiss (Doc. 9)** filed by Defendant. Plaintiff filed an opposition. (Doc. 13). For the reasons stated herein, the **Motion to Dismiss (Doc. 9) is GRANTED IN PART AND DENIED IN PART**. Plaintiff is granted ten days from the date of this order to file a supplemental and amended complaint with respect to her Title II ADA, Title VII Civil Rights Act, and FMLA claims.

### I. BACKGROUND

Plaintiff alleges that she was hired by Defendant to work as a Registered Nurse (RN) at the Eastern Louisiana Mental Health System in February of 2007.[1] (Doc. 1 at p. 2). At some point in 2012, Plaintiff took medical leave and then returned to work in November of 2012 with unspecified work restrictions. Plaintiff was thereafter terminated. (*Id.*)

Plaintiff alleges that Defendant was aware of Plaintiff's work restrictions and disability at the time it hired her in 2007. She further alleges that the only reason

---

[1] The Eastern Louisiana Mental Health System is an agency of the Louisiana Department of Health. La. R.S. 36:259.

she was terminated was because of her disability. (Doc. 1 at p. 3). Plaintiff brings claims under the Americans with Disabilities Act ("ADA"), Title VII of the Civil Rights Act, and the Family Medical Leave Act. (*Id.* at p. 1). Defendant seeks the dismissal of Plaintiff's Title I ADA and Title VII Civil Rights Act claims, asserting (1) that the Court does not possess subject matter jurisdiction over Plaintiff's Title I ADA claim because of the Eleventh Amendment, and (2) that Plaintiff has failed to state a claim for relief under Title VII of the Civil Rights Act.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(1), a claim is " 'properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate' the claim." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012) (quoting *Home Builders Ass'n v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). In order to "prevent[ ] a court without jurisdiction from prematurely dismissing a case with prejudice," a court should consider a Rule 12(b)(1) motion for lack of subject-matter jurisdiction before addressing any motions that concern the merits of a case. *Id.* at 286–87 (citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)).

A motion to dismiss under Rule 12(b)(1) is analyzed under the same standard as a motion to dismiss under Rule 12(b)(6). *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992). That standard seeks to determine whether "a complaint ... contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[F]acial plausibility" exists "when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). Hence, the complaint need not set out "detailed factual allegations," but something "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" is required. *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

## III. DISCUSSION

### A. ADA Claims

#### 1. Title I ADA

Plaintiff's complaint alleges general ADA violations, and Plaintiff specifies in her opposition that she brings suit under Title I of the ADA. Title I prohibits employers from discriminating against qualified individuals with disabilities in job application procedures, hiring, and firing among other aspects of employment. 42 U.S.C. § 12112. Defendant claims that Plaintiff's Title I ADA claim is barred by the Eleventh Amendment of the United States Constitution. The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." The Eleventh Amendment bars private suits in federal court against states, including suits against state agencies. *Quern v. Jordan*, 440 U.S. 332, 339 (1979). *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–100 (1984); *Aguilar v. Tex. Dep't of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir.1998). The Supreme Court has held that Congress did not abrogate Eleventh Amendment

3

immunity in Title I of the ADA and thus a plaintiff cannot bring a Title I ADA suit against the state seeking money damages. *Board of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 374 (2001).

Here, Plaintiff brings a Title I ADA claim against the State of Louisiana through the Louisiana Department of Health, Office of Behavioral Health. (Doc. 1 at p. 2). The United States Court of Appeals for the Fifth Circuit has already determined that a predecessor to the Louisiana Department of Health, the Louisiana Department of Health and Human Resources, is an alter ego of the state and is therefore entitled to Eleventh Amendment immunity. *Darlak v. Bobear*, 814 F.2d 1055, 1059 (5th Cir. 1987). [2] Moreover, courts in this circuit have uniformly held that the Louisiana Department of Health is entitled to Eleventh Amendment Immunity. *E.g.*, *Amir El*, 2016 WL 7012277 at *2. Accordingly, the Court concludes that Plaintiff's Title ADA claim is barred by the Eleventh Amendment.

### 2. Title II ADA

Plaintiff also specifies in her opposition that she brings suit under Title II of the ADA. Title II of the ADA instructs that "no qualified individual shall. . . . by reason of a disability, be excluded from participation in or be denied the benefits of the services, programs or activities of a public entity or be subjected to discrimination

---

[2] In *Darlak*, the Fifth Circuit held that the Louisiana Department of Health and Human Resources (DHHR) was entitled to Eleventh Amendment immunity. *Darlak*, 814 F.2d at 1060. The DHHR was abolished and replaced by the Department of Health and Hospitals. *Torres-Jiminez v. Louisiana State Board of Medical Examiners*, No. Civ. A. 95-0721, 1995 WL 626155, at *2 (E.D. La. Oct. 23, 1995). In 2016, the Lousiana Department of Health and Hospitals was renamed the Louisiana Department of the Health. *Amir El v. Department of Health and Hospitals, State of Louisiana*, No. 16-6545, 2016 WL 7012277, at *n. 1 (E.D. La. Dec. 1, 2016).

by such entity." 42 U.S.C. § 12132. The Fifth Circuit has held that Title II of the ADA does not create a cause of action for employment discrimination. *Taylor v. City of Shreveport*, 798 F.3d 276, 282 (5th Cir. 2015).

The Court notes that as of now, Plaintiff does not appear to have pleaded any facts that would support a Title II violation. Plaintiff only alleges that her RN position was terminated by a state entity because of her disability, which constitutes employment discrimination. She does not describe any state services, programs, or activities that she was denied. Because neither party has briefed this claim, the Court will afford Plaintiff ten days to file a supplemental and amended complaint with respect to the Title II ADA claim.

### B. Title VII Civil Rights Act Claim

Defendant also seeks to dismiss Plaintiff's claim under Title VII of the Civil Rights Act of 1964, asserting that Plaintiff has failed to state a plausible claim for relief under Rule 12(b)(6). Title VII prohibits discrimination by employers "against any individual. . . because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). Although Plaintiff asserts in her complaint that Defendant retaliated against her "in violation of Title VII," Plaintiff does not specify how Defendant did so. She does not claim that Defendant discriminated against her on the basis of any protected classes specified in Title VII. In her opposition, Plaintiff alleges that she was discriminated against because of her national origin. (Doc. 13 at p. 4). However, the Court cannot consider new factual allegations raised in Plaintiff's opposition that were not specified in the complaint. *In re Enron Corp. Securities, Derivative & ERISA Litigation*, 761 F. Supp. 2d 504, 566 (S.D. Tex. 2011) ("It is

axiomatic that a complaint cannot be amended by briefs in opposition to a motion to dismiss.") (citing *In re Baker Hughes Sec. Litig.*, 136 F.Supp.2d 630, 646 (S.D. Tex. 2001).

Defendant further seeks the dismissal of any claims Plaintiff brings under 42 U.S.C. § 2000e-3(a), which prohibits retaliation if an employee opposes any practice made unlawful by Title VII. To succeed on such a claim, Plaintiff must show that (1) she participated in an activity protected by Title VII, (2) her employer took an adverse employment action against her, and (3) a causal connection exists between the protected activity and the adverse employment action. *McCoy v. City of Shreveport*, 492 F.3d 551, 556-557 (5th Cir. 2007). The Court concludes that Plaintiff has failed to allege that she participated in protected activity. An employee has engaged in protected activity if she (1) opposed any practice made an unlawful employment practice by Title VII or (2) made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under Title VII. *Grimes v. Texas Dept. of Mental Health and Mental Retardation*, 102 F.3d 137, 140 (5th Cir. 1996). Plaintiff has made no allegations to suggest that she took either of these actions.

Given that Plaintiff has failed to state facts that would support a plausible claim for relief under Title VII and requests an opportunity to amend the complaint, the Court will allow Plaintiff ten days from the date of this order to amend the complaint with respect to this claim.

### C. Family Medical Leave Act Claim

Plaintiff also asserts that Defendant violated the Family Medical Leave Act (FMLA) in her opposition. However, in the complaint, even though Plaintiff mentions

that she took FMLA leave, she does not claim a cause of action under the FMLA. Again, given that Plaintiff requests an opportunity to amend the complaint, the Court will allow Plaintiff ten days from the date of this order to amend the complaint with respect to this claim.

IV. **CONCLUSION**

Accordingly,

**IT IS ORDERED** that Defendant's **Motion to Dismiss (Doc. 9)** is **GRANTED IN PART AND DENIED IN PART.**

**IT IS ORDERED** that Plaintiff's Title I ADA claim is **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that Plaintiff has ten days from the date of this Order to file a supplemental and amended complaint with respect to her Title II ADA, Title VII Civil Rights Act, and FMLA claims. Failure to do so may result in dismissal of such claims.

Baton Rouge, Louisiana, this 23rd day of July, 2019.

JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA