UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **IMMACULATA N. ANYANWU** | **CIVIL ACTION** |
| **VERSUS** | |
| **STATE OF LOUISIANA** | **NO.: 18-00778-BAJ-SDJ** |

RULING AND ORDER

Before the Court is the **Motion to Dismiss (Doc. 26)** filed by Defendant State of Louisiana through the Louisiana Department of Health ("LDH"), seeking the dismissal of all Plaintiff's remaining claims. For the following reasons, Defendant's Motion is **GRANTED**.

I.   BACKGROUND

This dispute arises from an action for the alleged discrimination against Plaintiff due to her disability and national origin. Plaintiff is a former employee of LDH, who worked for the Eastern Louisiana Mental Health System as a registered nurse. (Doc. 24 at p. 2). Plaintiff alleges that in September 2012, she was on leave under the Family Medical Leave Act because of a medical procedure. (Id.) She later returned to work in October 2012 with the following physician-ordered restrictions: no lifting more than ten pounds, no bending, no squatting, no stooping, no climbing stairs, and no prolonged activities. (Id.). Plaintiff alleges that Defendant knew of her health issues and her restrictions throughout her employment. Plaintiff also alleges that throughout her employment, she was harassed and discriminated against not

1

only on the basis of her restrictions, but also on the basis of her national origin. (Id. at p. 5). Plaintiff alleges that although she was born in Nigeria, she is a naturalized citizen. (Id.). Plaintiff alleges that she was subjected to intimidation, mockery and harassment because of her accent. (Id.). On October 26, 2012, Plaintiff alleges she received a termination letter effective November 2012. (Id. at p. 4).

On August 17, 2018, Plaintiff filed her Complaint. (Doc. 1). Defendant responded with a Motion to Dismiss for failure to state a claim. (Doc. 9). On July 24, 2019, the Court partially granted this motion, dismissing Plaintiff's claim under Title I of the Americans with Disabilities Act ("ADA"). The remaining claims are under Title VII of the Civil Rights Act of 1964, Title II of the ADA, and the Family Medical Leave Act ("FMLA"). The Court allowed these claims to proceed, so long as Plaintiff amended her complaint to provide more facts. The Court granted Plaintiff ten days to comply with the Order and advised that failure to timely amend may result in dismissal. (Doc. 15). Plaintiff failed to comply with the Order, prompting Defendant to file another Motion to Dismiss (Doc. 17) pursuant to Fed. R. Civ. P. 41. The Court denied this motion, granting Plaintiff another opportunity to amend her complaint. (Doc. 23).

On September 11, 2019, Plaintiff eventually filed her Amended Complaint. (Doc. 24). Plaintiff supplemented her claims under FMLA and Title VII; however, Plaintiff did not provide supplemental information for her ADA claim. Instead, Plaintiff added a claim alleging a questionable application of Louisiana Civil Service Rule 12.6(a)(1). Defendant then filed the instant motion pursuant to Fed. R. Civ. P.

2

12(b)(1) and 12(b)(6), alleging that Plaintiff's claims arising under the FMLA and Louisiana Civil Service Rule 12.6(a)(1) are barred by sovereign immunity, pursuant to the Eleventh Amendment, and that Plaintiff failed to state a claim under Title VII of the Civil Rights Act of 1964.

## II.     LEGAL STANDARD

In a Rule 12(b)(1) motion to dismiss, at issue is the trial court's jurisdiction—its very power to hear the case. *Williamson v. Tucker,* 645 F.2d 404, 413 (5th Cir. 1981). This Court is a court of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994). Because Plaintiff invokes that jurisdiction, she bears the burden of proving it. *See Glass v. Paxton*, 900 F.3d 233, 238 (5th Cir. 2018). In determining its jurisdiction, the Court may consider "(1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the [C]ourt's resolution of disputed facts." *Carroll v. Abide*, 788 F.3d 502, 504 (5th Cir. 2015).

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial

3

experience and common sense." Id. at 679. "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678 (citing *Twombly*, 550 U.S. at 556). Hence, a complaint need not set out "detailed factual allegations," but something "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" is required. *Twombly*, 550 U.S. at 555.

### III. DISCUSSION

**A. FMLA Retaliation Claim**

Defendant argues for the dismissal of Plaintiff's FMLA retaliation claim not only because Plaintiff has failed to state a claim, but also because it is a "well settled point of law that the Eleventh Amendment immunizes states from suits for money damages brought under the self-care provisions of the FMLA." (Doc. 26-1 at p. 6). Defendant points to *Coleman v. Court of Appeals of Maryland*, 566 U.S. 30 (2012) for support. Defendant argues that in *Coleman*, the Supreme Court of the United States held that states' sovereign immunity was not abrogated by Congress to allow suits for money damages under FMLA's self-care provision. Under the self-care provision of the FMLA, eligible employees may take leave because of "a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D).

Plaintiff claims that she was discharged from her employment in retaliation for availing herself of FMLA leave to undergo a medical procedure. Plaintiff asserts that the discharge was unfounded because she worked with the same restrictions

4

before she left; therefore, Plaintiff alleges that Defendant has violated provisions of the FMLA. Plaintiff seeks both compensatory and punitive monetary damages for the alleged retaliatory discharge.

The Court finds that Plaintiff's claim is barred due to sovereign immunity. In *Coleman*, the Supreme Court held that Congress did not abrogate states' sovereign immunity pursuant to Section 5 of the Fourteenth Amendment to allow suits for damages under the self-care provision. See *Coleman*, 566 U.S. at 43-44. Plaintiff was an employee who took leave under the self-care provision of FMLA and now seeks monetary damages for an alleged violation of the self-care provision; thus, Defendant is immune from liability for this claim.

**B. Title VII Claim**

Plaintiff asserts that she was discriminated against because of her national origin. She alleges that she is a naturalized citizen that was born in Nigeria and that she was treated differently regarding scheduling, assignment, and performance review. (Doc. 24 at p. 5). Plaintiff further alleges that she was harassed and intimidated by her immediate supervisor and mocked because of her Nigerian accent. Plaintiff claims that other employees, who were natural-born citizens of the United States and had similar medical limitations, were allowed to continue their employment with Defendant. Plaintiff did not provide specific details in her pleadings in support of this allegation, leaving Defendant uncertain as to what her exact claims are under Title VII. Defendant argues that it seems that Plaintiff may be attempting to bring claims for hostile work environment, discriminatory discharge, and

5

retaliation under Title VII. (Doc. 26-1 at p. 7). Defendant argues that regardless of the claims Plaintiff intended to bring, Plaintiff has failed to state a claim under Title VII.

### 1. Hostile Work Environment

To state a claim for hostile work environment under Title VII, Plaintiff must show that: (1) she belongs to a protected group; (2) she was subjected to unwelcome harassment; (3) the harassment was based on a protected characteristic; (4) the harassment affected a term, condition, or privilege of employment; and (5) her employer knew or should have known of the harassment and failed to take prompt remedial action. See *E.E.O.C. v. WC&M Enterprises, Inc.*, 496 F.3d 393, 399 (5th Cir. 2007). Although Plaintiff alleges that she belongs to the group of persons protected by her national origin, she was subjected to unwelcome harassment, and that the harassment was based on her national origin, Plaintiff has failed to allege whether the harassment affected a term, condition, or privilege of her employment and whether Defendant knew or should have known about the harassment and failed to take prompt remedial action. Plaintiff failed to plead enough details to put Defendant on notice that her claims include a hostile work environment claim; thus, the Court finds that Plaintiff has failed to state a claim for hostile work environment.

### 2. Discriminatory Discharge

Defendant argues that because Plaintiff alleged that other employees, who were natural-born citizens and have similar limitations, were allowed to continue their employment, Plaintiff seems to be pleading a discriminatory discharge action.

6

(Doc. 26-1 at p. 9). Defendant further argues that Plaintiff has failed to sufficiently allege that she was treated less favorably than other similarly situated employees not in her protected class, under nearly identical circumstances. (Id.).

To state a claim for discriminatory discharge, Plaintiff must establish that she: (1) is a member of a protected class; (2) was subjected to an adverse employment action; (3) was qualified for her position; and (4) was replaced by someone outside of the protected class. *Turner v. Baylor Richardson Medical Center*, 476 F.3d 337, 345 (5th Cir. 2007). Once again, Plaintiff has pleaded that she is a member of the protected class based on national origin and that she was subject to an adverse employment action; however, Plaintiff has failed to plead with sufficiency information regarding whether she was qualified to continue working in her position and was replaced by someone outside of her national origin of Nigeria. Plaintiff pleaded that employees that were natural-born citizens were permitted to continue their employment. Without more details, the Court must conclude that the assertion is nothing more than a conclusory allegation. The Court finds that Plaintiff has failed to plead sufficient details to establish a claim for discriminatory discharge.

### 3. Retaliation

Defendant argues that Plaintiff seems to be abandoning her original Title VII retaliation claim in the Amended Complaint and that Plaintiff has failed to state a claim. Defendant further argues that Plaintiff failed to allege any facts that suggest that she engaged in an activity that is protected by Title VII and that no causal link exists between the protected activity and her termination. (Doc. 26-1 at p. 11).

To state a claim for Title VII retaliation, Plaintiff must show that (1) she engaged in an activity protected by Title VII; (2) that she was subjected to an adverse employment action; and (3) a causal link exists between the protected activity and the adverse employment action. *McCoy v. City of Shreveport*, 492 F.3d 551, 557 (5th Cir. 2007). An employee has engaged in a protected activity under Title VII if she either (1) opposed any practice made an unlawful employment practice by Title VII, or (2) made a charge, testified, assisted, or participated in any manner in an investigation, proceeding or hearing under Title VII. *McCoy,* 55 F.Supp.3d at 561 n.8.

The Court finds that Plaintiff has failed to allege sufficient facts to support a claim for retaliation under Title VII. Although Plaintiff has alleged an adverse employment action, she has failed to allege sufficient details regarding her engagement in a protected activity and a causal link between the protected activity and her termination from employment. Because Plaintiff has failed to allege facts that sufficiently state a claim under Title VII for hostile work environment, discriminatory discharge, retaliation, or any other cognizable action, the Court must dismiss Plaintiff's Title VII claim.

### C. Misapplication of Louisiana CSR 12.6(a)(1) Claim

Defendant also contends that Plaintiff's claim for the violation of Louisiana State Civil Service Rule 12.6(a)(1) is also barred by sovereign immunity. Plaintiff argues that Rule 12.6(a)(1), as applied to Defendant, violates the due process clause of the Fourteenth Amendment and ADA Title I by failing to accommodate persons with disabilities. (Doc. 24 at p. 6). Defendant argues that this claim may actually be

8

a claim under 42 U.S.C. § 1983, although Plaintiff does not describe it as such. (Doc. 26-1 at p. 7).

Rule 12.6(a)(1) permits an employer to non-disciplinarily remove an employee if, on the day the employee is considered to have been given notice, she (1) has less than eight hours of sick leave and (2) is unable to perform the essential functions of her job due to illness or medical disability. Plaintiff alleges that Defendant violated this rule because she had 88 hours of leave remaining before her removal. (Doc. 24 at p. 6). Plaintiff further alleges that she was able to perform the essential functions of her job, post-medical procedure, despite her illness. Plaintiff contends that she returned to work with the same restrictions that Defendant previously accommodated before her medical procedure. (Id. at p. 4).

Plaintiff argues that the Defendant's application of Rule 12.6(a)(1) to terminate her employment violated her right to due process under the Fourteenth Amendment and her right to be accommodated under FMLA and ADA Title I. (Id. at p. 6). Although Plaintiff does not specifically assert a § 1983 claim, the Court agrees with Defendant's contention that Plaintiff is alleging the elements of a claim under 42 U.S.C. § 1983. Under § 1983, any person who, under color of any statute, violates the federal rights of a person within the United States shall be liable to the party injured. Plaintiff has alleged that the Defendant has violated her federal rights under the due process clause of the Fourteenth Amendment, FMLA, and the ADA while acting under color of state statute, Rule 12.6(a)(1).

9

Defendant argues that if Plaintiff's claim is a § 1983 claim, then it is barred by sovereign immunity. Defendant further argues that the Eleventh Amendment bars §1983 suits against state governments in federal court, and that states are not "persons" within the meaning of the statute. *Quern v. Jordan,* 440 U.S. 332, 99 S.Ct. 1139 (1979); See also *Will v. Michigan Department of State Police,* 491 U.S. 58, 109 S.Ct. 2304 (1989). Defendant argues that it has not waived its sovereign immunity for § 1983 claims in federal court. (Id. at p.7).

To the extent that Plaintiff's claim is intended to be a § 1983 claim, Plaintiff was required to allege (1) the violation of a right secured by the Constitution and laws of the United States, and (2) that the alleged deprivation was committed by a person acting under color of state law. *West v Atkins*, 487 U.S. 42, 48 (1988). Although Plaintiff alleged the denial of constitutional and statutory rights, she did not allege that a state official acted under color of the law regarding her termination. Therefore, Plaintiff has failed to state a claim under § 1983.

The most fatal characteristic of Plaintiff's claim is not that she failed to allege sufficient detail, but that she chose to sue only the State of Louisiana. A state is not a person under § 1983; thus, the Eleventh Amendment bars claims against a state brought under this section. See *Quern v. Jordan,* 440 U.S. 332 (1979); See also *Will v. Michigan Department of State Police,* 491 U.S. 58, 109 S.Ct. 2304 (1989). Thus, the Court finds that Plaintiff's claim against Defendant for the alleged misapplication of Rule 12.6(a)(1) is barred.

**D. Title II of the ADA Claim**

As previously noted, the Court ordered Plaintiff to amend her Complaint to supplement her claim under Title II of Americans with Disabilities Act of 1990 ("ADA"). (Doc. 15). Plaintiff made no mention of this claim in her Amended Complaint. Thus, due to Plaintiff's failure to provide supplemental information, the Court must dismiss this claim.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's Motion (Doc. 26) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's remaining claims are **DISMISSED WITH PREJUDICE**.

Baton Rouge, Louisiana, this 31st day of July, 2020

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**